UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS A. KIMMONS, | No. 2:24-cv-01572-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2.

<u>Leave to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Notwithstanding payment of the filing fee, the court must screen plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to

1

state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Discussion

Plaintiff sues Sacramento County, its Adult Correctional Health Department, and two sheriff's deputies – Llamas and Moreno. ECF No. 1. Plaintiff alleges that, while he was incarcerated at the Sacramento County Jail, defendant Llamas directed two unidentified jail staff to assault him. *Id.* at 3. He alleges that unknown staff at the jail ignored plaintiff's grievance seeking to be moved "from the pod" and that, six days later, Llamas personally assaulted plaintiff

2

after he showered. *Id.* at 4.

Plaintiff also alleges that, while he was housed at the jail, all of his serious medical needs were ignored. *Id.* at 6. Plaintiff suffered from blood in his urine, constipation, diarrhea, and a sciatic back injury, but all of his medical requests were ignored, leaving him in excruciating pain. *Id.* In addition, plaintiff was denied his necessary psychiatric medication. *Id.* at 11-12. Plaintiff does not identify any individual responsible for the denial of adequate care. The court presumes that plaintiff's claims of inadequate medical care are directed at the county and the Sacramento County Adult Correctional Health Department.

A municipal entity, like the county and its Adult Correctional Health Department, cannot be held liable under § 1983 solely because it employs an individual who violated the Constitution. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404-05 (1997). If plaintiff wishes to impose liability on the county or a county department (rather than, or in addition to, individual persons responsible for depriving him of his federal rights), he must provide facts showing that the municipal entity itself (or its authorized decisionmaker) caused the violation of his rights. *Id.* Plaintiff must identify a policy or custom, or other action attributable to the municipal entity (other than simply action by an employee), that caused jail medical staff to ignore his needs. *Id.* Accordingly, plaintiff's claims against the county and its correctional health department will be dismissed with leave to amend.

To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must allege facts that show that a correctional officer used force against him maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To determine whether the evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the forceful response. *Id.* at 7.

Liberally construed, plaintiff has also stated potentially cognizable excessive force claims against defendant Llamas. However, plaintiff has not stated any claim against defendant Moreno,

as the body of the complaint contains no allegations against Moreno.

Plaintiff also claims that defendant Llamas's conduct violated the Equal Protection Clause of the 14th Amendment because Llamas directed plaintiff to apply his lotion and deodorant in the shower and put on a shirt while other inmates were permitted to apply cosmetics and go shirtless in the day room. *Id.* at 4. To state an equal protection claim that is not based on membership in one of certain classes (e.g., race, sex), a plaintiff must allege that similarly situated individuals were intentionally treated differently without a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Such claims are often referred to as "class of one" equal protection claims. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601-02 (2008) (exempting certain discretionary government decisions from "class of one" equal protection challenges). (Plaintiff does not allege that he was intentionally discriminated against based on his membership in a protected class, a different type of equal protection claim. See *City of Cleburne*, 473 U.S. at 440-41.) Plaintiff has not alleged that Llamas directed him to dress in the shower to intentionally treat him differently and without a rational basis for doing so. Accordingly, the court must dismiss his equal protection claim.

Plaintiff's claim that he was denied necessary medical care appear unrelated to his claims of excessive force. Claims against different defendants; his claims concerning conditions in quarantine are distinct in time, subject, and defendants from his claims regarding his legal research (Claim XIV and Claim XV). It is well-settled that a claimant may not proceed in a single action with various unrelated claims against separate defendants:

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff will be given the opportunity to amend his complaint to cure the deficiencies identified herein. Plaintiff is not obligated to amend the complaint, he may instead elect to proceed solely on the cognizable Eighth Amendment claims against defendant Llamas. To

pursue his medical care claims, plaintiff may either file these claims in a separate suit or provide facts in an amended complaint from which the court can conclude that: (1) the claims are related to his claims of excessive force, and (2) liability may be imposed on the county/county agency or an individual responsible for the denial of medical care.

### Leave to Amend

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, potentially cognizable Eighth Amendment claims against defendant Llamas.

4. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: June 13, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS A. KIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:24-cv-01572-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with the Eighth Amendment claims identified in the Screening Order against defendant Llamas.

OR

(2) _____   delay serving any defendant and file an amended complaint.

_____
                                                                                                   Plaintiff

Dated: